OPINION
Defendant-appellant Herman J. Pool appeals from his conviction and sentence, following a no-contest plea, on two counts of Burglary as a felony of the third degree, and one count of Burglary as a felony of the second degree. Pool's appellate counsel has filed a brief pursuant toAnders v. California (1967), 368 U.S. 738, indicating that he has found no potential assignments of error having arguable merit.
As required by Anders v. California, supra, by entry dated July 10, 2002, we gave Pool an opportunity to file his own, pro se brief. He has not done so. Also pursuant to Anders v. California, supra, we have independently reviewed the record, including a pre-sentence investigation report.
From our independent review of the record, we conclude that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous. We have reviewed the transcript of the plea hearing, and conclude that Pool's no-contest plea was voluntary, and that the trial court wholly satisfied the requirements of Crim.R. 11. We have also reviewed the transcript of the sentencing hearing, and we conclude that the trial court has satisfied all statutory requirements for sentencing.
One aspect of this case is worth commenting on in particular. On January 22, 2001, after Pool had entered his no-contest plea, his counsel filed a motion to withdraw that plea. On February 20, 2001, the motion to withdraw never having been ruled upon, Pool appeared with his counsel in open court for sentencing. Pool and his counsel were given an opportunity to address the court, and neither Pool nor his counsel brought up the subject of the pending motion to withdraw his plea.
From the record in this case, it appears that when Pool's no-contest plea was tendered and accepted, the State had agreed to consider its position with respect to sentencing, based upon further investigation. In his motion to withdraw his plea, Pool indicates that this agreement included an undertaking to subject Pool to a polygraph examination, but that Pool was subjected, instead, to voice stress analysis. Pool based his motion to withdraw his plea upon the fact that a polygraph examination was not performed in accordance with the agreement with the State.
At the sentencing hearing, Pool's counsel made the following remark:
 "I will remind the court over the course of the many negotiations and issues that were dealt with in this matter, one of the figures that came, that we continuously focussed around, was the four year period.
 "I understand that we cannot have an agreement to that to this date, but we'll remind the court of those factors."
There is nothing in the record reflecting that the State took a position with respect to sentencing. In the pre-sentence investigation report, the probation officer to whom this case was referred recommended that Pool receive sentences of three years on each of the third degree felonies, and a four-year sentence on the second degree felony, with the two three-year sentences to run concurrently, but consecutively to the four-year sentence, for a total sentence of seven years. The sentence that the trial court actually imposed was to impose three-year sentences on each of the third degree felonies, and a four-year sentence on the second degree felony, and to make the two three-year sentences consecutive with one another, but concurrently with the four-year sentence. Thus, the trial court imposed an aggregate sentence of six years, rather than the seven years recommended by the probation officer to whom the case was referred.
The pre-sentence investigation references twenty charges in the Franklin County Common Pleas Court, the disposition of which was not known, and eleven convictions in municipal courts in Montgomery County, none of which, of course, constituted a felony.
Thus, although the record does not directly reflect it, the record suggests that there may have been an agreement between Pool and the State that Pool would be subjected to a polygraph examination concerning his culpability in the offenses to which he pled no contest, and that if the polygraph examination bore him out, the State would recommend, or at least not oppose, an aggregate sentence of four years. If, in fact, that was the agreement, there is nothing in the record to suggest that the State reneged on that agreement. Pool's trial counsel may well have concluded, by the time of the sentencing hearing, that there was no point to pursuing the motion to withdraw the plea, because the State was living up to whatever its obligations were with respect to sentencing.
The maximum sentence that the trial court could have imposed for these three convictions was eighteen years. The trial court's probation officer was recommending an aggregate sentence of seven years, which is understandable in view of the pre-sentence investigation report. The trial court decided, instead, to impose an aggregate sentence of six years.
We agree with Pool's appellate counsel that there is nothing in the record to support an argument that the trial court's failure to have decided the motion to withdraw Pool's plea is reversible error, especially since neither Pool nor his trial counsel directed the trial court's attention to the pendency of this motion at the sentencing hearing.
Because we conclude, based upon our independent review of the record, that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.